ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT  #054700
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: shannon.m.vincent@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RAFAEL MORA-CONTRERAS; and SHANE STAGGS,<br><br>             Plaintiffs,<br><br>       v.<br><br>COLETTE PETERS; DOUG YANCEY; MEGHAN LEDDY; ZACHARY GOULD; CRAIG PRINS; JERRY PLANTE; JEREMY NOFZIGER; AND JOHN DOES 1-5,<br><br>             Defendants. | Case No.  6:18-CV-00678-SB<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT<br><br>**Fed. R. Civ. P. 12(b)(6)** |

   Plaintiffs Rafael Mora-Contreras and Shane Staggs are suing the Director of the Oregon Department of Corrections (ODOC) and ODOC employees for alleged constitutional violations arising out of temporary administrative segregation placements.  Mr. Mora-Contreras's claims arise out of a 68-day administrative segregation placement, and Mr. Stagg's claims arise out of both a one-week week stay in administrative segregation and a stay in administrative segregation "from November to January 2017."  (Am. Compl., Dkt. #27, ¶¶ 28, 39, 44, 48).

Page 1 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
          AMENDED COMPLAINT
       SMV/bl2/9378019-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Because it is well established in the Ninth Circuit that neither the 68 days that Mr. Mora-Contreras alleges that he spent in administrative segregation nor the limited time that Mr. Staggs alleges that he spent in administrative segregation (the one week placement and the placement from "from November to January 2017") amount to an atypical and significant hardship in relation to the ordinary incidents of prison life, defendants moved to dismiss plaintiffs' constitutional claims arising out of their limited administrative segregation placements.

Additionally, defendants moved to dismiss plaintiffs' complaint because: (I) Mr. Mora-Contreras's claim for declaratory and injunctive relief is mooted by his release from ODOC custody; (II) the injunctive relief that plaintiffs are seeking does not comply with the PLRA's restriction on prospective injunctive relief; (III) plaintiffs have not pleaded that Defendants Director of ODOC Colette Peters, Inspector Meghan Leddy, Correctional Officer Zachary Gould, Inspector General Craig Prins, or Hearings Officer Jeremy Nofziger personally participated in any alleged constitutional violations; and (IV) defendants are entitled to qualified immunity from damages.

In response to defendants' motion for summary judgment, plaintiffs' arguments are largely rooted in what the law theoretically could be, as opposed to what the law is. For the reasons that follow, plaintiffs' claims fail as a matter of law under the controlling law notwithstanding plaintiffs' arguments to the contrary.

## LEGAL ARGUMENT

**I.    Mr. Mora-Contreras's claim for declaratory and injunctive relief is moot.**

Defendants moved to dismiss Mr. Mora-Contreras's claim for declaratory and injunctive relief because those claims are mooted by his release from ODOC custody. *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995); *see also Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (same for claims for declaratory relief). Because Mr. Mora-Contreras is no longer an ODOC inmate, he no longer has a legally cognizable interest in the outcome of this case. *Alvarez*, 667 F.3d at 1064.

Page 2 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
           AMENDED COMPLAINT
           SMV/bl2/9378019-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

In response to defendants' motion, Mr. Mora-Contreras argues that his claims for injunctive relief are not moot because "he still stands a chance, more than an average member of the public, to be later subjected to solitary confinement at an Oregon Department of Corrections facility if he is not successful in his case . . . ." (Resp., Dkt. #36, p. 3). And he argues that his claim for declaratory relief can move forward so that "[The Court] can notice the Defendants . . . that Mr. Mora-Contreras's rights were violated." (*Id.* at pp. 3-4). The law is otherwise.

### A. Mootness.

Defendants interpret Mr. Mora-Contreras's argument that his claims for injunctive for relief are not moot as an argument that his claims are capable of repetition, yet evading review. There is an exception to mootness for acts that are "capable of repetition, yet evading review." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 170 (2000) (citations omitted). The so-called "capable of repetition" exception to mootness applies only when: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Enyart v. Nat'l Conference of Bar Exam'rs*, 630 F.3d 1153, 1159 (9th Cir. 2011) (citation omitted).

Here, Mr. Mora-Contreras cannot demonstrate that there is a reasonably concrete, as opposed to a purely speculative, expectation that he will again be "subject to the same action" that is the basis of his complaint. Mr. Mora-Contreras, as the complaining party, has the burden of demonstrating a real probability, as opposed to speculation, that he will be subjected to the same harm again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). It is well settled that prisoners who have released from custody cannot invoke the "capable of repetition" doctrine where injunctive relief is sought, because the possibility that a former prisoner may be returned to custody is too speculative to conclude the claims are capable of repetition. *See, e.g.*, *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012).

Page 3 -    REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
SMV/bl2/9378019-v1

### B. Declaratory relief.

Likewise, Mr. Mora-Contreras' claim for declaratory relief is moot. He argues that his claim for declaratory relief can move forward notwithstanding his release from ODOC custody because "[the Court] can notice the defendants . . . that Mr. Mora-Contreras's rights were violated . . . ." (Resp., Dkt. #36, p. 4). But the Court cannot render an advisory opinion.

In the context of an action for declaratory relief, a court renders a declaratory judgment, as opposed to an advisory opinion, "if, and only if, [the court's decision] affects the behavior of the defendant toward the plaintiff." *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam). For a declaratory judgment to issue, there must be a dispute that "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of a present right upon established facts." *Ashcroft v. Mattis*, 431 U.S. 171 (1977) (*per curiam*). When declaratory relief is sought, the court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). A declaration that defendants violated Mr. Mora-Contreras's constitutional rights would not affect defendants' present behavior towards him, as he is not an ODOC inmate, and would have no impact on his rights moving forward. Thus, there is no live case or controversy underlying Mr. Mora-Contreras's declaratory relief claim, and he lacks standing to seek declaratory relief.

### II. The injunctive relief that plaintiffs are seeking does not comply with the PLRA's restriction on prospective injunctive relief.

Plaintiffs' proposed injunctive relief does not comply with the Prison Litigation Reform Act's (PLRA's) restrictions on prospective injunctive relief. A prospective injunction is only appropriate under the PLRA when it is narrowly drawn and is "the least intrusive means necessary" to vindicate a constitutional violation. 18 U.S.C. § 3626(a)(1)(A); *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

Page 4 -    REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
            AMENDED COMPLAINT
            SMV/bl2/9378019-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Here, plaintiffs are seeking injunctive relief consisting of a blanket ban on ODOC's use of administrative segregation and a mandate that defendants follow the law. They ask the Court to award:

> injunctive relief requiring Defendants and their successors to:
>
> a.  Cease using solitary confinement for punishment;
>
> b.  Cease creating false evidence;
>
> c.  Cease coercing inmates into providing false testimony;
>
> d.  Reform its disciplinary review process to adequately provide due process of law;
>
> e.  Restrain Defendants from retaliating against Plaintiffs;
>
> f.  Cease the practice of retaliatory transfers;
>
> g.  Restrain their employees from unduly targeting Plaintiffs; and
>
> h.  Prevent the violation of Plaintiffs' constitutional rights, as outline above.

(Am. Compl., Dkt. #27, pp. 17-18).

The prospective injunctive relief that plaintiffs seek does not comply with the PLRA's "narrowly drawn" requirement. A general injunction that defendants must "follow the law" (which they already must do) is not appropriate in the absence of an imminent or ongoing constitutional violation, which plaintiffs do not allege in this case.

Resolving defendants' argument that plaintiffs' proposed injunctive relief as pleaded is not sufficiently narrowly tailored to meet the PLRA's mandate does not—as plaintiffs argue— "require the Court to resolve the factual allegations in the moving parties' favor." (Resp., Dkt. #36). Plaintiffs' proposed injunctive relief is impermissibly broad on its face.

### III.  Defendants withdraw their personal participation argument.

Plaintiffs have clarified that Director Peters is sued in her official capacity, and only Mr. Staggs is making claims against Inspector Plante. (Resp., Dkt. #36, p. 22, n.6). In light of plaintiffs' response brief, defendants withdraw their remaining personal participation arguments.

Page 5 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
SMV/bl2/9378019-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**IV.    Defendants are entitled to qualified immunity from damages.**

Defendants are entitled to qualified immunity from damages, because under the governing law, no reasonable ODOC employee would believe that their conduct was unlawful in this case. *Neely v. Feinstein,* 50 F.3d 1502, 1507 (1995) (citing *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993)).  Although plaintiffs suggest that "Defendants cannot show that [qualified immunity extends to] correctional officers," plaintiffs cite no controlling legal authority in support of their position; instead, they rely on a dissenting opinion, a concurring opinion, and law review articles.  (Resp., Dkt. #36, p. 5).  It is well established that state actors are entitled to qualified immunity.  *Pearson v. Callahan*, 129 S. Ct. 808 (2009) ("The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (citation omitted)).

Here, defendants are entitled to qualified immunity as a matter of law because they could not have known that their conduct violated plaintiffs' rights to due process, to be free from cruel and unusual punishment, to equal protection or to free speech.

**A.    Due Process.**

As a matter of law, neither the 68 days that Mr. Mora-Contreras alleges he spent in administrative segregation nor the limited time that Mr. Staggs alleges that he spent in administrative segregation (a one week stay in October of 2016 and "from November to January 2017") are deprivations that amount to a "protected liberty interest" necessary for a due process claim.  Constitutional due process protections attach only to instances "where the deprivation implicates a protected liberty interest—that is, where the conditions of confinement impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Brown v. ODOC*, 751 F.3d 983, 987 (9th Cir. 2014) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)).  Here, for the reasons stated in defendants' moving papers, plaintiffs have not alleged conditions that are "significant and atypical."

Page 6 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
SMV/bl2/9378019-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Because no controlling authority has ever held that inmates have a constitutionally-protected liberty interest in remaining free from limited placements in administrative segregation such as those alleged by plaintiffs in this case, plaintiffs' due process claims fail as a matter of law and defendants are entitled to qualified immunity from damages.

### B.   Cruel and unusual punishment.

As set out in defendants' moving papers, the Ninth Circuit has held that the mere placement of a prisoner in administrative segregation or isolation does not violate the Eighth Amendment. *Salstrom v. Sumner*, 959 F.2d 241, at *1 (9th Cir. 1992); see also *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (administrative segregation is within the terms of confinement ordinarily contemplated by a sentence, and does not violate the Eighth Amendment despite the accompanying restrictions on, among other things, exercise and recreation). Likewise, plaintiffs also do not have a constitutional right to avoid being transferred among prisons. *Sams v. Thomas*, Case No. 11-333-AC, 2011 WL 2457407, at *3 (D. Or. May 12, 2011) ("[T]he mere fact of a prison transfer, standing alone, does not constitute cruel and unusual punishment in violation of the Eighth Amendment."). Because plaintiffs have failed to allege objectively, sufficiently serious deprivations, their Eighth Amendment claims fail as a matter of law and must be dismissed and defendants are entitled to qualified immunity from damages.

Additionally, defendants moved against plaintiffs' Eighth Amendment claims because plaintiffs failed to allege the type of constitutionally significant physical injuries required to recover for alleged emotional distress. 42 U.S.C. § 1997e(e). The paragraphs that plaintiffs cite in their reply brief—Paragraphs 19-20, 41, and 51 (Resp., Dkt. #36, n.3)—do not clear the PLRA's threshold. Paragraphs 19 and 20 contain no allegations specific to plaintiffs, and Paragraphs 41 and 51 do not describe any constitutionally significant physical injuries caused by defendants. (Am. Compl., Dkt. #27, ¶¶ 19-20, 41, 51). Defendants are entitled to immunity from damages for plaintiffs' Eighth Amendment claims for this reason as well.

Page 7 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
           AMENDED COMPLAINT
SMV/bl2/9378019-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### C. Equal protection.

Defendants are entitled to qualified immunity on defendants' equal protection claims, and plaintiffs' equal protection claims fail as a matter of law, for the reasons stated in defendants' moving papers.

### D. First Amendment.

Finally, defendants are entitled to qualified immunity against plaintiffs' First Amendment claims for the same reasons that the Second Circuit granted qualified immunity to the defendants in the "nearly analogous[]" case that plaintiffs rely on in support of their argument that defendants violated their First Amendment rights. (Resp., Dkt. #36, p. 20).

Although the Second Circuit in *Burns v. Martuscello*—a case that is not binding precedent—saw "no basis to circumscribe [the First Amendment right to decide what to say and what not to say] in the prison context," the Court *also* determined that the defendants were entitled to qualified immunity on the plaintiff's First Amendment claim. 890 F.3d 77, 89 (2d Cir. 2018) (cited in Resp., Dkt. #36, p. 20). In *Burns*, the Second Circuit stated:

> Today we hold that the First Amendment protects both a prisoner's right not to serve as an informant, and to refuse to provide false information to prison officials. We have previously held that citizens enjoy a First Amendment right to refuse to provide false information to the government, but have not previously recognized this right in the prison context. With regard to a prisoner's right not to snitch, we have not previously reached this issue—though we have encountered it and declined to decide it on at least two prior occasions. ***Because these rights were not clearly established at the time of the events underlying this suit, the defendants are entitled to qualified immunity. For these reasons, we affirm the judgment of the district court.***

*Id.* at 81 (emphasis added). The Second Circuit case law cited by plaintiffs supports defendants' position, not plaintiffs', with regard to qualified immunity.

Moreover, *Burns* was decided on May 9, 2018, and plaintiffs filed this case on April 20, 2018. *Compare Burns*, 890 F.3d 77, *with* Compl., Dkt. #1. Even if *Burns* was controlling authority (and it is not), it did not put defendants on notice that their pre-*Burns* conduct implicated, let alone violated, plaintiffs' First Amendment rights. Thus, even if the Court elects to follow *Burns*, it follows that defendants are entitled to qualified immunity.

Page 8 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
SMV/bl2/9378019-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### III.  Conclusion.

For the foregoing reasons, and for the reasons in defendants' moving papers, the Court should dismiss plaintiffs' complaint for failure to state a claim for relief.

DATED January 4, 2019.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General


        *s/ Shannon M. Vincent*
        SHANNON M. VINCENT #054700
        Senior Assistant Attorney General
        Trial Attorney
        Tel (503) 947-4700
        Fax (503) 947-4791
        Shannon.M.Vincent@doj.state.or.us
        Of Attorneys for Defendants

Page 9 -   REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
SMV/bl2/9378019-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791